DOUCET, Judge.
Geraldine Fontenot, plaintiff-appellant, instituted this suit against her ex-husband, Alphan Charles Klumpp, defendant-appel-lee, seeking the specific performance of a provision of their community property partition agreement which provided that Mr. Klumpp was to make rehabilitation payments to Ms. Fontenot of $1,500.00 per month for thirty-six months. The trial court rejected the demand and rendered a judgment in favor of Mr. Klumpp. The plaintiff perfected this appeal.
The parties were legally separated from bed and board on September 21, 1981. No temporary alimony was awarded. By an instrument dated May 27, 1982, the parties voluntarily partitioned their community property. The disputed provision of the contract reads as follows:
“Both parties do also agree that the above transaction is a complete and separate partition of community property between them and stands upon its own recited terms and conditions, but in an attempt to help rehabilitate said Geraldine Fontenot and in lieu of any present alimony claim she may have, Alphan Charles Klumpp agrees to pay to her an additional $1,500.00 a month for 36 months beginning June 5, 1982. This shall be in lieu of alimony and Geraldine Fontenot does hereby waive any claim for present alimony in consideration of this payment for 36 months. However, if she marries within this 36-month period, no payments shall be due and payable subsequent to date of her marriage.”
Mr. Klumpp made two payments of $1,500.00 each in June and July of 1982 pursuant to this provision of the contract and then ceased payments. On November 8, 1982, the plaintiff filed a petition for the specific performance of the payment of the outstanding installments. At the trial conducted on the matter it was established that the plaintiff began engaging in sexual relations with another man during the summer of 1982. The plaintiff admitted that for one two-week period this man lived with her at her home. Mr. Klumpp testified that the plaintiffs relationship with this man was the reason why he ceased the rehabilitation payments. The trial court rendered judgment against the plaintiff and rejected her demand. In his reasons for judgment the trial court referred to a memorandum submitted to the trial court by the defendant as the basis of its decision. This memorandum is not found in the record so it is impossible to determine the reasons for the trial court’s judgment. The plaintiff perfected this appeal.
The appellant’s principal argument is that the disputed provision should be interpreted to mean that Mr. Klumpp is obligated to pay $1,500.00 per month in rehabilitation payments for thirty-six months in exchange for a waiver of alimony by Mr. Fontenot for the same thirty-six month period. Furthermore, the appellant contends that her personal life is irrelevant because these payments are pursuant to a contract and are not in any way related to the right to permanent alimony provided by La.C.C. art. 160 and its open concubinage provision as a justifiable reason to cease alimony payments. The appellee on the other hand contends that through this disputed provision he volunteered to make these gratuitous rehabilitation payments beyond any legal obligations of alimony that he may *581 have. The appellee points out that Ms. Fontenot waived only her claim for “present alimony” at the time the contract was actually executed. Therefore, the ap-pellee contends, the appellant reserved her rights to alimony subsequent to the execution of the contract and cannot constitute consideration for the payments. In short, the appellee contends that as long as the payments were made, the appellant had no claim for back-accrued alimony but that either party could withdraw from this arrangement at any time.
In support of his argument the appellee cites Succession of Vidalat, 155 La. 1005, 99 So. 801 (La.1924). In Vidalat, supra, the parties stipulated in their partition agreement that the husband would pay to his ex-wife $7.00 per week for the remainder of her life. When the payments were ceased a suit ensued and the La. Supreme Court held that the payments were an unenforceable gratuity. Vidalat, supra, however, is not squarely on point because that agreement does not purport to exchange payments for any type of waiver of the right to alimony as the case at bar does. In short, the agreement in Vidalat made no mention of any consideration while the partition agreement in this case does. Therefore, Vidalat is of no real use in deciding the issue of this case.
Because we find that the disputed contractual provision is susceptible to two conflicting but reasonable interpretations, one which provides for a fixed term of thirty-six monthly payments of $1,500.00 in exchange for a waiver of alimony for thirty-six months, and the other which provides for a continuous exchange of the waiver of alimony while the gratituity payments are forthcoming, we find this provision to be ambiguous. Ambiguous phrases in contracts are strictly construed against the party who prepared the contract and also in doubtful cases, the interpretation goes against the obligor. La.C.C. arts. 1957 and 1958. Par-Co. Drilling, Inc. v. Franks Petroleum, Inc., 360 So.2d 642 (La.App. 3rd Cir.1978); Rayford v. Louisiana Savings Association, 380 So.2d 1232 (La.App. 3rd Cir.1980). The evidence in the record establishes that Mr. Klumpp’s attorney prepared the partition agreement and submitted it to Ms. Fontenot for her approval and signature after she consulted her own attorney. In light of this fact we are compelled to adopt the interpretation most favorable to the plaintiff. Accordingly we hold that the defendant, Mr. Klumpp, is contractually obligated to pay Ms. Fontenot $1,500.00 for a period of thirty-six months unless Ms. Fontenot remarries as per the provisions of the contract.
It should be noted that this rehabilitative arrangement in exchange for a waiver of alimony pendente lite is not contrary to public policy and the principles of law laid down in Holliday v. Holliday, 358 So.2d 618 (La.1978). In Holliday, the La. Supreme Court said that the waiver of alimony pendente lite without other alternative means of support is contrary to public policy and an absolute nullity. The basis for this decision is that the legal obligations of marital support cannot be waived. In this case however, the waiver is accompanied by a substitution of the means of support of alimony pendente lite with these rehabilitative payments. Therefore the public policy of marital support is not contravened by this contract and the provisions effecting this substitution is not a nullity.
For the foregoing reasons the judgment of the trial court is reversed. It is hereby ordered and decreed that defendant-appellant pay the accrued amount of outstanding payments plus judicial interest. The cost of this appeal is to be paid by the defendant-appellee.
REVERSED.
LABORDE, J., concurs in the result.